**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EDDIE OWENS,

        Petitioner,

v.                                             Case No. 2:07-CV-14930

THOMAS BIRKETT,

        Respondent.
                                    /

**OPINION AND ORDER OF SUMMARY DISMISSAL**
**AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Eddie Owens is a state inmate currently incarcerated at the Standish Maximum Correctional Facility in Standish, Michigan, pursuant to convictions for armed and unarmed robbery. He has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the Michigan Parole Board's decision not to release him on parole. For the reasons which follow, the petition will be dismissed.[1]

**I. BACKGROUND**

Petitioner is currently incarcerated pursuant to two armed robbery convictions and one unarmed robbery conviction, all rendered in Oakland County Circuit Court. Petitioner states that, on September 27, 2007, he was informed of the Michigan Parole Board's decision to deny him release on parole. Petitioner argues that the Parole Board's decision was a clear abuse of discretion for the following reasons: (i) the denial

---

[1]On November 26, 2007 the court generated and filed a standard form order requiring a response to the petition. After further review of the petition, however, the court determines that a response is not necessary and the case is subject to summary dismissal.

was not supported by competent evidence as required by the Michigan Constitution; (ii) the denial violated the Double Jeopardy Clause; (iii) the Parole Eligibility Report failed to comply with Mich. Comp. Laws § 791.235(7); (iv) the Parole Board relied upon an invalid original sentence; (v) Petitioner's rights under the Equal Protection Clause violated when other offenders, including murderers, rapists, unarmed and armed robbers are routinely paroled; and (vi) the Parole Board violated Petitioner's rights under the Due Process Clause.

## II. DISCUSSION

Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the Petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

First, Petitioner asserts several claims that the Parole Board violated the Michigan Constitution and state laws. It is well-established that "'federal habeas corpus review does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991), (quoting *Louis v. Jeffers*, 497 U.S. 764, 780 (1990)); *accord Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."). Petitioner's claims related to alleged violations of state law and the Michigan Constitution, therefore, may not form the basis for habeas corpus relief.

2

Petitioner alleges that the denial of parole violated his rights under the Due Process Clause. Petitioner has no constitutional right to be released on parole because there is no constitutional right of a lawfully convicted person to be conditionally released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Bd. of Pardons v. Allen*, 482 U.S. 369, 377 n.8 (1987). Thus, there is no federal constitutional right to parole. *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990).

While there is no federal constitutional right to parole, a state may create a liberty interest in parole "by placing substantive limitations on official discretion." *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). In Michigan, the decision to release a prisoner on parole is a discretionary decision of the parole board. *In re Parole of Johnson*, 235 Mich. App. 21, 596 N.W.2d 202 (1999) (per curiam) (citing Mich. Comp. Laws § 791.234(6)(d) and 791.234(7)); *see also* Mich. Comp. Laws § 791.234(9). The Michigan parole statute does not create a right to be paroled. *Hurst v. Dep't of Corr. Parole Bd.*, 119 Mich. App. 25, 28-29, 325 N.W.2d 615, 616 (1982). Because the Michigan Parole Board has discretion whether to grant parole, a defendant does not have a protected liberty interest in being released on parole. *Canales v. Gabry*, 844 F. Supp. 1167, 1171 (E.D. Mich. 1994). "[T]he expectancy of release upon parole is not a constitutionally protected interest where the state holds out 'no more than a mere hope that the benefit will be obtained.'" *Wright v. Trammell*, 810 F.2d 589, 590 (6th Cir. 1987) (quoting *Greenholtz*, 442 U.S. at 11). Consequently, Petitioner does "not have a sufficient liberty interest in his future parole release to be entitled to due process in his parole release proceedings." *Sharp v. Leonard*, 611 F.2d 136, 137 (6th Cir.

1979).  In addition, "[a]lthough substantive due process protects inmates from arbitrary denials of parole based on impermissible criteria such as race, political beliefs or frivolous factors, such as eye color, even where a prisoner may not have a protected liberty interest," *Mayrides v. Chaudhry*, 43 Fed. Appx. 743, 746 (6th Cir. 2002), Petitioner fails to present any such allegations here.  Accordingly, Petitioner is not entitled to habeas corpus relief on his due process claim.

Petitioner also claims that the Parole Board relied upon an invalid sentence when denying him parole.  According to Petitioner, his sentences for armed and unarmed robbery are void and, the Parole Board's reliance on them, consequently, violated his rights under the Due Process Clause.  As discussed above, Petitioner has no right to due process in parole release proceedings.  Moreover, Petitioner has not shown that his underlying sentences, which were challenged in an earlier, unsuccessful habeas proceeding,[2] have been invalidated.

Petitioner's double jeopardy claim also is without merit.  "Parole determinations are not considered criminal punishment for purposes of the Double Jeopardy Clause." *Ellick v. Perez*, 27 Fed. Appx. 489, 490 (6th Cir. 2001); *see also Stewart v. Flintoft*, 2002 WL 31748842, * 3 (E.D. Mich. 2002) (holding that parole denial does not implicate the Double Jeopardy Clause because it does not extend sentence beyond original term imposed by court).  Thus, Petitioner is not entitled to relief on this claim.

Finally, Petitioner argues that the denial of parole violated his rights under the Equal Protection Clause. "The Equal Protection Clause of the Fourteenth Amendment

---

[2] *See* Opinion and Order of Summary Dismissal, *Owens v. Stine*, No. 99-cv-75921 (E.D. Mich. Dec. 19, 2000) (Duggan, J.).

commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To prove an equal protection claim, a petitioner must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Petitioner's allegation that his equal protection rights were violated is wholly conclusory. Petitioner provides no specific factual allegations to directly support his conclusion, or give rise to a reasonable inference, that he was arbitrarily denied parole. "Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief." *Prince v. Straub*, 78 F. Appx. 440, 442 (6th Cir.2003); and see *Blackledge v. Allison*, 431 U.S. 63, 75 n. 7 (1977) (stating that a habeas petition must "state facts that point to a 'real possibility of constitutional error,'" quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 795 (E.D. Mich.2001) ("Conclusory allegations that a petitioner's equal protection rights were violated are insufficient to establish an equal protection claim that would warrant habeas relief."). Petitioner's conclusory reference to an equal protection violation, even construed liberally, does not state a claim for a constitutional deprivation cognizable in a federal habeas corpus proceeding. Therefore, Petitioner fails to state an equal protection claim.

### III. CERTIFICATE OF APPEALABILITY

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). In deciding to dismiss the habeas petition, the court has, of course, studied the case record and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "show[] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition does not present any claims upon which habeas relief may be warranted. Therefore, the court denies a certificate of appealability.

## VI. CONCLUSION

The court concludes that it plainly appears from the face of the petition that Petitioner is not entitled to habeas corpus relief. Accordingly, IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. #1] is DISMISSED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 7, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 7, 2007, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522