**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EDDIE OWENS,

    Petitioner,

v.                                                      Case Number: 2:07-CV-14930

THOMAS BIRKETT,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S
"MOTION FOR RECONSIDERATION OF WRIT OF HABEAS CORPUS AND
CERTIFICATE OF APPEALABILITY"**

Petitioner Eddie Owens filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the Michigan Parole Board's decision not to release him on parole. On December 17, 2007, the court issued an "Opinion and Order of Summary Dismissal and Denying Certificate of Appealability." Petitioner has filed a "Motion for Reconsideration of Writ of Habeas Corpus and Certificate of Appealability."

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

In his petition, Petitioner argued that the Michigan Parole Board violated the Michigan Constitution, Michigan law, and the Federal Constitution when it denied him

release on parole. The court held that it plainly appeared from the face of the petition that none of the claims presented warranted habeas corpus relief. The court, therefore, summarily dismissed the petition and declined to issue a certificate of appealability.

Petitioner now seeks reconsideration on several grounds. First, he expands on his claim alleging a violation of the Americans With Disabilities Act ("ADA"). To make out a prima facie case of discrimination under Title II of the ADA, Petitioner must establish the following: "(1) he has a disability, (2) he is otherwise qualified, and (3) he is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program *solely* because of his disability." *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir.2005) (emphasis added). The ADA in turn defines "disability" as:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).

Petitioner argues that the Parole Board's consideration of his past substance abuse in denying parole violated the ADA. Assuming that Petitioner has a disability, he still has not alleged facts sufficient to state a claim under the ADA because he states that his alleged disability was one of several factors leading to his parole denial. *See Dillery,* 398 F.3d at 567; *Lee v. Mich. Parole Board*, 104 F. App'x. 490, 492-93 (6th Cir. 2004) (denying ADA claim where prisoner failed to claim alleged discriminatory actions were based solely upon his handicap); *Porter v. White*, No. 04-10065, 2007 WL

470648, *5 (E.D. Mich. Feb. 5, 2007) (denying habeas petition challenging parole denial as violative of the ADA where petitioner admitted and record showed that parole board considered other factors in addition to alleged disability). Petitioner alleges that the parole board denied him parole based upon several factors other than his alleged disability, including his prior criminal record, his failure to successfully complete a juvenile program, and that his crime involved the discharge of a weapon. Thus, Petitioner's alleged disability was not the sole reason he was denied parole and he is unable to establish a violation of the ADA.

Petitioner's remaining arguments for reconsideration amount to a disagreement with the court's decision. A motion predicated on such an argument is an insufficient ground upon which to grant reconsideration. E.D. Mich. LR 7.1(g)(3); *see also Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998). Plaintiff fails to demonstrate that the court's decisions dismissing his petition and declining to issue a certificate of appealability were based upon a palpable defect by which the court was misled.

Accordingly, IT IS ORDERED that Petitioner's "Motion for Reconsideration of Writ of Habeas Corpus and Certificate of Appealability" [Dkt. #9] is DENIED.

  s/Robert H. Cleland  
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 29, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 29, 2008, by electronic and/or ordinary mail.

                                               s/Lisa Wagner
                                               Case Manager and Deputy Clerk
                                               (313) 234-5522