UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE OWENS,

    Petitioner,

v.                                                Case Number: 2:07-CV-14930

MICHIGAN PAROLE BOARD,

    Respondent.
                                      /

**OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR RELIEF FROM JUDGMENT**

Petitioner Eddie Owens filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the Michigan Parole Board's decision not to release him on parole. The court summarily dismissed the petition and denied a certificate of appealability. (*See* 12/7/2008 Order.) Petitioner filed a motion for reconsideration, which the court denied. (*See* 1/7/2008.) Now before the court is Petitioner's Motion for Relief from Judgment. For the reasons stated below, the court construes the motion as a second or successive petition for habeas relief and will transfer the matter to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

**I. STANDARD**

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir.1998). A federal district court does not have jurisdiction to

entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals regardless of how meritorious the claim appears to be. *Id.* at 971; *See also In Re Sims*, 111 F.3d 45, 47 (6th Cir.1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

## II. DISCUSSION

Petitioner seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4) and (6), on the grounds that an intervening change in law and new evidence should alter the court's disposition of his petition. In *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005), the Supreme Court explained that a Rule 60(b) motion is distinguished from a second or successive petition under 28 U.S.C. § 2244(b) by the fact that the latter contains one or more "claims." A Rule 60(b) motion does not. *Id.* at 530-31. For purposes of § 2244(b), a "claim" is "an asserted federal basis for relief from a state court's judgment of conviction." *Id.* at 531. By contrast, a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings." *Id.* at 532. A habeas petitioner's Rule 60(b) motion "that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition ." *Id.* at 534. A Rule 60(b) motion that seeks relief from judgment on the basis of a subsequent change in substantive law or newly discovered evidence "is in substance a successive habeas

2

petition." *Id.* at 531.

Petitioner's motion reasserts the substance of Petitioner's habeas claims and constitutes an impermissible attack on this court's previous resolution of the claims on the merits. This is not a proper ground for a Rule 60(b) motion. *See Henderson v. Collins*, 184 Fed. App'x 518, 523 (6th Cir. 2006); *cert. den.* 549 U.S. 1138 (2007). In other words, Petitioner's Rule 60(b) motion seeks the vindication of, or advances, his parole denial claims because Petitioner is taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition.

Because Petitioner's Rule 60(b) motion qualifies as a second or successive habeas petition, Petitioner is required to obtain authorization from the Sixth Circuit before he can file a new habeas petition. Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

### III.  CONCLUSION

Accordingly, IT IS ORDERED that the Clerk of the Court shall TRANSFER this case to the Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

                S/Robert H. Cleland
                ROBERT H. CLELAND
                UNITED STATES DISTRICT JUDGE

Dated:  June 8, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 8, 2009, by electronic and/or ordinary mail.

                                            S/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522